**Not for Publication**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JACKSON HEWITT INC., *Plaintiff*, v. NEW AGE TAXES, INC., et al., *Defendants*. | Civil Action No. 22-cv-2352 **OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

This matter arose after Plaintiff Jackson Hewitt, Inc. ("Jackson Hewitt") terminated the parties' Franchise Agreements due to alleged material breaches. Jackson Hewitt contends that Defendants failed to perform numerous post-termination requirements and obligations connected to Jackson Hewitt's audit of the franchised business. Presently before the Court is Defendants' motion to dismiss or, in the alternative, transfer the matter to the Northern District of Illinois. D.E. 13. Plaintiff filed a brief in opposition. D.E. 19.[1] The Court reviewed the parties' submissions

---

[1] The Court refers to Defendants' brief in support of their motion (D.E. 13-1) as "Defs. Br." and Plaintiff's brief in opposition (D.E. 19) as "Plf. Opp.". Defendants also filed a reply brief. D.E. 20-1. Defendants, however, filed their reply more than two weeks late, along with a motion seeking leave to file the untimely brief. D.E. 20. Plaintiff opposes Defendants' motion, arguing that the Court should not consider the reply. D.E. 21. Local Civil Rule 7.1(d)(3) governs the time to file a reply. Outside of an automatic extension, which must comply with the requirements set forth in L. Civ. R. 7.1(d)(5), "[n]o other extensions of the time limits provided in L. Civ. R. 7.1(d)(2) or (3) shall be permitted without an Order of the Court." L. Civ. R. 7.1(d)(5). Defendants' reply brief is untimely, they do not have consent from their adversary to file late, and they fail to provide a good reason as to why they were unable to timely file or seek an appropriate extension under the Local Rules. As a result, the Court denies Defendants' motion to file the brief and disregards Defendants' reply. However, even if the Court were to consider the reply, it would not change the Court's analysis.

and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, the motion is **DENIED**.

## I. BACKGROUND[2] AND PROCEDURAL HISTORY

Jackson Hewitt and Defendant New Age Taxes, Inc. ("New Age") were parties to two "Franchise Agreements" that authorized New Age to operate Jackson Hewitt income tax preparation businesses in Illinois. Compl. ¶¶ 9, 25. Defendants Rubina Nasir and Mohammad Nasir (the "Individual Defendants") each executed a "Guaranty," through which they agreed to perform New Age's obligations under the Agreements. *Id.* ¶¶ 10, 27. The Individual Defendants are residents of California. *Id.* ¶¶ 3-4. Jackson Hewitt's corporate headquarters are in New Jersey. *Id.* ¶ 1.

In 2020, Jackson Hewitt alleges that it "received notice of credible allegations of potential wrongdoing" as to New Age and Rubina Nasir "in the operation of the Franchised Business." *Id.* ¶ 32. As a result, Jackson Hewitt exercised its contractual right to inspect and audit the books and records of New Age. Jackson Hewitt performed a site visit, interviewed at least one employee, and reviewed materials New Age submitted through its franchise system. *Id.* ¶ 33. Jackson Hewitt alleges that the audit provided good cause to substantiate its concerns that Defendants were engaged in fraudulent conduct with respect to the business; Jackson Hewitt then terminated the Franchise Agreements. *Id.* ¶ 34. Jackson Hewitt then demanded that Defendants take certain post-termination action and reimburse Jackson Hewitt for costs associated with the audit, as required

---

[2] The factual background is taken from Plaintiff's Complaint (D.E. 1) and declaration submitted in connection with the motion to dismiss (D.E. 19-1). When deciding a motion to dismiss for improper venue, a court accepts all well-pleaded allegations regarding venue as true, "draws all reasonable inferences from those allegations in the plaintiffs' favor, and resolves any factual conflicts in the plaintiffs' favor." *Shah v. Centurum, Inc.*, No. 10-2015, 2011 WL 1527334, at *2 (D.N.J. Apr. 20, 2011) (internal punctuation omitted). A court, however, "may examine facts outside the complaint to determine whether venue is proper." *Id.* (internal quotations omitted).

under the Agreements and Guaranties. Jackson Hewitt alleges that Defendants have not complied with these contractual requirements. *Id.* ¶¶ 41-43, 52. Additional factual allegations are reviewed in analysis section below.

In its Complaint, Jackson Hewitt asserts breach of contract claims, alleging that New Age breached the Agreements, *id.* ¶ 57, and that the Individual Defendants breached their Guaranties, *id.* ¶¶ 60-64. Plaintiff also asserts a claim under the Uniform Fraudulent Conveyances Act, N.J. Stat. Ann. § 25:2-25, alleging that the Individual Defendants improperly transferred money from New Age to themselves. *Id.* ¶¶ 67-79. Defendants subsequently filed the instant motion. Defendants argue that pursuant to Federal Rule of Civil Procedure 12(b)(3), New Jersey is an improper venue. In the alternative, the Defendants seek a transfer of the case.

## II. ANALYSIS

Federal Civil Rule of Procedure 12(b)(3) permits a court to dismiss a matter that is filed in an improper venue. Fed. R. Civ. P. 12(b)(3). A district court has broad discretion in determining whether to dismiss or transfer a case due to improper venue. *See Konica Minolta, Inc. v. ICR Co.*, No. 15-1446, 2015 WL 9308252, at *5 (D.N.J. Dec. 22, 2015). But "dismissal is considered to be a harsh remedy and transfer of venue to another district court in which the action could originally have been brought[ ] is . . . preferred." *Id.* (quoting *NCR Credit Corp. v. Ye Seekers Horizon, Inc.*, 17 F. Supp. 2d 317, 319 (D.N.J. 1998)). The "defendant[s] . . . bear the burden of showing improper venue." *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724-25 (3d Cir. 1982).

Venue is governed exclusively by the relevant federal laws. *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 55 (2013). 28 U.S.C. § 1391(b) provides that a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

3

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)-(3). If a case falls into at least one of the Section 1391(b) categories, venue is proper. *Atl. Marine Constr. Co., Inc.*, 571 U.S. at 55.

The parties largely focus on Section 1391(b)(2), which, as noted, provides that a case may be brought in a district where "a substantial part of the events or omissions giving rise to the claim occurred[.]" 28 U.S.C. § 1391(b)(2). To make this determination, courts look at the nature of the dispute and "the location of those events or omissions giving rise to the claim." *Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 161 (3d Cir. 2012) (quoting *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994)). "Events or omissions that might only have some tangential connection with the dispute in litigation are not enough." *Cottman Transmission Sys., Inc.*, 36 F.3d at 294. In addition, with respect to breach of contract claims, courts "may take into account where the contract was negotiated, executed, performed, and breached." *Weichert Real Estate Affiliates, Inc. v. CKM16, Inc.*, No. 17-4824, 2018 WL 652331, at *4 (D.N.J. Jan. 31, 2018) (quoting *Stalwart Cap., LLC v. Warren St. Partners, LLC*, No. 11-5249, 2012 WL 1533637, at *4 (D.N.J. Apr. 30, 2012)). The statute, however, "does not require a majority of events to take place" in a chosen venue. *Park Inn Int'l, L.L.C. v. Mody Enters., Inc.*, 105 F. Supp. 2d 370, 376 (D.N.J. 2000). Consequently, multiple fora may be appropriate venues. "[T]here can be more than one place in which a 'substantial part' of the acts or omissions occurred" and a court is not required to

4

determine "the 'best' forum" *See Ferratex, Inc. v. U.S. Sewer & Drain, Inc.*, 121 F. Supp. 3d 432, 438–39 (D.N.J. 2015).

Defendants contend that New Jersey is an improper venue because the relevant events and conduct occurred in Illinois. *See* Defs. Br. at 6. Defendants argue that the case concerns a franchise in Illinois and that the alleged breaches along with the alleged fraudulent transfers also occurred there.[3] *Id.* at 2. Jackson Hewitt counters that a substantial part of the events in this matter occurred in New Jersey and provides evidence in support. *See* Plf. Br. at 3-6; Declaration of Shara Abrams ("Abrams Decl."). For example, Jackson Hewitt rendered services under the Agreements from New Jersey, including training and support, Abrams Decl. ¶ 9; Defendants called and emailed Jackson Hewitt in New Jersey regarding performance under the Agreements, *id.* ¶ 12; and Jackson Hewitt directed and conducted a substantial part of the audit from New Jersey, *id.* ¶ 15. In addition, Jackson Hewitt executed the Agreements and related documents in New Jersey and performed its obligations under the Agreements in this state. *Id.* ¶¶ 8, 10-11. With this evidence, the Court cannot conclude that conduct in New Jersey is tangential to Plaintiff's claims. Accordingly, the Court concludes that Defendants have not sustained their burden of demonstrating that New Jersey is an inappropriate venue under 28 U.S.C. § 1391(b)(2).[4] Defendants' motion to dismiss pursuant to Rule 12(b)(3) is denied.

---

[3] Defendants also appear to argue New Jersey is an improper forum because Illinois law applies in this matter through a rider to the Agreements. Defs. Br. at 4. Although a plaintiff's choice of venue may impact a choice of law analysis, the inverse is not true. Rather, whether venue is wrong is solely governed by federal law, notwithstanding any private contractual agreements. *See Atl. Marine Constr. Co., Inc.*, 571 U.S. at 55; *see also Sanders v. Polaris Indus., Inc.*, No. 20-1257, 2021 WL 7448731, at *2 (W.D. Tex. July 6, 2021) ("[C]hoice of law is [] not relevant to determining whether venue is proper.").

[4] Because venue is proper under Section Section 1391(b)(2), the Court does not address subsections (1) or (3). *See Atl. Marine Constr. Co., Inc.*, 571 U.S. at 55 (explaining that if a case falls into at least one Section 1391(b) category, venue is proper).

Defendants argue, in the alternative, that the matter should be transferred pursuant to 28 U.S.C. § 1406(a). Defs. Br. at 6. Section 1406(a) applies only if the initial, challenged venue is improper. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). Because New Jersey is an appropriate venue, the Court cannot transfer the case under Section 1406(a). *See Weichert Real Est. Affiliates, Inc.*, 2018 WL 652331, at *3 (explaining that if venue is proper under Section 1391(b) "then Defendants' motion under Section 1406 must be denied.").

### III. CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 17th day of November, 2022,

**ORDERED** that Defendants' motion to dismiss or transfer, D.E. 13, is **DENIED**.

_____
John Michael Vazquez, U.S.D.J.

6